JAMES STEWART v. THE STATE.

1. INTERVENOR—APPEAL.  A judgment dismissing a petition of intervention is not such a final judgment as will authorize an appeal by the intervenor, before final judgment rendered in the court below on the matters in issue between plaintiff and defendant.  Were the practice different, the remedy of intervention would cause a multiplicity of suits, instead of preventing them, which is its main object.

2. BANK ACCOUNT.  A bank account book, being a *chose in action* not assignable by delivery, its delivering to a third party will not vest in him dominion over the money it represents, nor authorize him to maintain an action for it in his own name.

APPEAL from Hardin county.   Tried below before the Hon. Wm. Chambers.

*M. D. Priest*, for appellant.

*Geo. Clark, Attorney-General*, for the State.

ROBERTS, C. J.   This is a suit brought by the State in the District Court to recover money collected by A. Brown and his sureties, as administrator *pro tem.* of the estate of Jacob Luder (who is alleged to have died without heirs), the same having been distributed by said Brown without lawful authority.   The estate consisted of one thousand dollars, deposited by Luder in the Bowery Savings Bank of New York, the evidence of which was in an account between the bank and Luder, contained in what is called in the pleadings a "bank-book."

Stewart, the intervenor, sets up his claim in three different modes of statement, all of which amount in effect to an allegation that a gift was made to him of this one thousand dollars by expressions indicating that purpose, and by the delivery to Stewart of this bank-book by Luder during his last sickness with yellow fever, before his death.

. Stewart's petition of intervention was, upon exceptions thereto, dismissed, from which he takes an appeal to this court.

The question thus presented is, was such a delivery of this account book such an one as consummated a complete gift so as to vest absolutely the property in the one thousand dollars deposited in New York, in Stewart?

The account being a *chose in action* not assignable by delivery, and not being such an instrument as ordinarily passes from one to another in the usual course of trade by mere delivery, it would seem on principle that such a delivery would not vest the property in Stewart, as it would not give him either dominion over the property, or the right to sue for it in his own name and right. So it has been held in some States, where the transfer of an account is not permitted.

The decisions, however, are not uniform in reference to the strictly legal principle relating to the delivery of choses in action, 2 Kent's Com., 438 to 448 and notes; 2 Robertson's Practice, 490, 492–3–4; Chevallier v. Wilson and Wife, 1 Texas R., 169–170–1.

It becomes unnecessary to make any conclusive ruling upon this question in this case, because of the want of any final judgment, determining the case as between the original parties. If there is such a judgment, it does not appear in the record. We know of no authority that authorizes an intervenor to bring up the case himself on appeal, before the final determination of the case as between the original parties. To permit such a practice would cause the remedy of intervention to produce a multiplicity of suits relating to the same subject-matter, instead of preventing a multiplicity of suits, which is its main object as a remedy. (Eccles v. Hill, 13 Texas R., 67;

Legg *v.* McNeil, 2 Texas R., 429 ; Graves *v.* Hall, 27 Texas 154.)

For this reason the appeal by the intervenor will be dismissed.

Dismissed.