MOORE v. COBE et al.

(Court of Civil Appeals of Texas. El Paso. April 17, 1913. Rehearing Denied May 22, 1913.)

1. APPEAL AND ERROR (§ 356*)—ORDERS APPEALABLE.

Under Rev. Civ. St. 1911, art. 2079, providing that an appeal from interlocutory orders appointing receivers shall be taken within 20 days from the entry of such order, an appeal from an order appointing a receiver, which was entered April 21, 1912, will be dismissed where the appeal bond was not filed until June 21, 1912.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1926, 1927; Dec. Dig. § 356.*]

**2. APPEAL AND ERROR (§ 101*)—ORDERS APPEALABLE—ORDERS APPOINTING RECEIVER.**

Under Rev. Civ. St. 1911, art. 2079, permitting an appeal from interlocutory orders appointing receivers, an order overruling a motion to vacate an order appointing a receiver is not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 681–687; Dec. Dig. § 101.*]

**3. APPEAL AND ERROR (§ 95*)—ORDERS APPEALABLE—PETITION OF INTERVENTION.**

An order dismissing a petition in intervention upon motion is not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 649–654; Dec. Dig. § 95.*]

Appeal from District Court, Reeves County; S. J. Isaacs, Judge.

Plea in intervention by Mrs. J. L. Moore in a suit by Ira M. Cobe against the Toyah Valley Irrigation Company. From a judgment against intervener, she appeals. Appeal dismissed.

Hefner & Cooke, of Pecos, for appellant. Ross & Hubbard, of Pecos, for appellees.

HARPER, C. J. With the consent of the court, appellant filed her petition (which- is called plea in intervention) in the suit then pending in the district court of Reeves county, viz., Ira M. Cobe v. Toyah Valley Irrigation Company, and in which J. G. Love is the duly appointed and acting receiver of the defendant irrigation company, by which petition she prays that the order appointing said receiver be vacated and said receiver discharged. In her petition she refers to and makes a part thereof her petition in another original suit in which she seeks to establish her rights in the waters of Toyah creek as against the irrigation company, of which J. G. Love is receiver, to show that she has an interest in the matters involved in the receivership. Upon motion of Ira M. Cobe and J. G. Love to dismiss her bill, the following judgment was entered: "Ira M. Cobe v. Toyah Valley Irrigation. No. 1,000. June 20, 1912. This day came on to be heard in the above styled and numbered cause the motion of plaintiff and the receiver, J. G. Love, to dismiss from said case the petition of intervention heretofore filed by Mrs. J. L. Moore, also the plaintiff's and receiver J. G. Love's general and special demurrers to said petition in intervention, one of which said special exceptions was because said petition in intervention was not verified, whereupon the intervener offered to verify said petition, and the court ordered that said petition be considered verified by the affidavit of said Mrs. J. L. Moore; and thereupon said special exception was overruled. Then came on to be heard the plaintiff's and receiver J. G. Love's general demurrer to said petition in intervention, and the court, having heard and considered said general demurrer, is of the opinion that same should be overruled, and same is in all things overruled. Then

came on to be heard the motion of plaintiff and receiver, J. G. Love, to dismiss from said case said petition in intervention, and the court having heard said motion and heard said petition, and having heard the evidence offered by plaintiff, the receiver, J. G. Love, and of the intervener, Mrs. J. L. Moore, and having heard argument of counsel, and having considered same, and finding from said pleadings and evidence that the intervener, Mrs. J. L. Moore, has no interest in the subject-matter of the suit and is in no way capacitated to intervene in said suit, and the court finding that, from the evidence adduced on the hearing of said motion, the allegations in intervener's petition were not true, the court is of the opinion that said motion should be in all things sustained. It is therefore ordered, adjudged, and decreed by the court that the plaintiff's and J. G. Love's motion to strike out the plea in intervention be in all things sustained, and said plea in intervention be and the same is hereby dismissed. To which action of the court the said Mrs. J. L. Moore then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals of the Eighth Supreme Judicial District of Texas, at El Paso." ·

[1] Appellees' motion to dismiss the appeal must be sustained for the reason, first, that article 2079, Rev. Civ. Stat. of 1911, provides that appeals from interlocutory orders appointing receivers shall be taken within 20 days from the entry of such order. The order appointing the receiver was entered April 21, 1912, and the appeal bond was filed June 21, 1912.

[2] Besides, the statute authorizes an appeal only from an interlocutory order appointing a receiver, and an order overruling a motion to vacate the order appointing a receiver is not appealable. Fidelity Co. of San Francisco v. Hirshfeld, 41 Tex. Civ. App. 517, 91 S. W. 246. But appellant contends that the entry made is a final judgment, rendered in term time, after hearing of the evidence on the merits, and finally concludes the intervener in regard to the relief prayed for: "Intervener asked for no affirmative relief as to the property rights, but by her exhibit attached to the pleading (styled petition in intervention) shows that she has a separate suit pending to establish her rights to the water being delivered by the irrigation company, and for damages." The petition filed begins: "* * * And moves the court to vacate and set aside its order * * * appointing J. G. Love receiver * * * and prays that the said order appointing said receiver be vacated and said receiver be discharged."

[3] So it is plain that no question was raised or presented to the court except the one to vacate the order appointing the receiver. And it is plainly to be seen that the court

simply passed and sustained the motion of plaintiff in the suit and the receiver to dismiss the plea in intervention; and an order dismissing such a petition upon motion cannot be appealed from. Stewart v. State, 42 Tex. 242.

Appeal dismissed.