### WILLIAMS et al. v. LAND. (No. 1441.)

Court of Civil Appeals of Texas. Beaumont. Dec. 3, 1927.

1. **Appeal and error** ⚖️123—Notation on trial court's docket that motion to intervene was overruled was not "order" or "judgment" from which appeal might be taken.

Dated notation on trial court's docket, reading, "Motion to intervene overruled, to which interveners except," *held* not an "order" or "judgment" of trial court, such as would sustain appeal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment (In Law); Order (In practice).]

2. **Appeal and error** ⚖️494—It was essential to appeal that transcript should bring up judgment appealed from.

It was essential to appeal from judgment, order, or decree denying motion for permission to intervene, that transcript should bring up such judgment, order, or decree.

3. **Appeal and error** ⚖️78(2)—Order, decree, or judgment denying permission to intervene held "interlocutory," not reviewable prior to final judgment in main suit.

Order, decree, or judgment, if any, denying permission to intervene in main suit, was "interlocutory" merely, and hence not reviewable

either by appeal or writ of error prior to rendition of final judgment in main suit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interlocutory.]

**4. Appeal and error ⬅➡494—It was essential to appeal from judgment refusing permission to intervene that transcript should bring up final judgment in main suit.**

It was essential to appeal from order denying motion for permission to intervene that transcript should bring up to appellate court final judgment disposing of main suit.

**5. Appeal and error ⬅➡76(1)—Notation on trial court's docket that plaintiff recovered held not "final judgment" as would sustain appeal from order denying permission to intervene.**

Notation on trial court's docket, indicating that plaintiff recovered land sued for by him, *held* not such a "final judgment" in main suit as would sustain appeal from order denying permission to intervene.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

**6. Appeal and error ⬅➡745—Assignments of error challenging judgment overruling motion to intervene must appear in record (Rev. St. 1925, art. 1844).**

Rev. St. 1925, art. 1844, as to assignments of error, is mandatory, and assignments of error challenging judgment of trial court overruling motion to intervene must appear in record.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by Hal G. Land against the unknown stockholders of the Tulane Oil Company and others. Samuel Houston Williams and others moved for permission to intervene, and, from an alleged judgment denying the motion, they appeal. Appeal dismissed.

Robt. L. Rodgers, of Beaumont, for appellants.

Smith, Crawford & Sonfield and F. M. Sheffield, all of Beaumont, for appellee.

HIGHTOWER, C. J. Appellants Samuel Houston Williams and his wife and Robert L. Rodgers and his wife have prosecuted this appeal from an order and judgment which they claim was made and entered by the Fifty-Eighth district court of Jefferson county, overruling a motion by them to intervene in a certain cause then pending in said court, styled Hal G. Land v. Unknown Stockholders of Tulane Oil Company, the number of which was 25722.

On October 13, 1925, Hal G. Land, as plaintiff, filed a suit in the Fifty-Eighth district court of Jefferson county against the unknown stockholders of the Tulane Oil Com-

pany, a defunct corporation, and the unknown heirs and legal representatives of such stockholders, and all persons owning or claiming by, through, or under such stockholders, or by, through, or under the unknown heirs of such stockholders, as defendants. The number of that suit was 25722. That suit was one of trespass to try title and for damages, and the land involved and claimed by the plaintiff, Land, was a certain specific 20-acre tract in a league of land granted to Hezekiah Williams, Sr. Shortly after that suit was filed by Land, appellants here filed a motion in the Fifty-Eighth district court of Jefferson county for permission to intervene in that suit, alleging that they were the owners of the entire Hezekiah Williams, Sr., league of land, and prayed to be permitted to come into the suit as interveners and establish their title to the land claimed by them, as against all parties to the Land suit.

It is the appellants' contention here that the judge of the trial court overruled their said motion to intervene, and that he was in error in doing so, and it is from that claimed order that this appeal is prosecuted.

[1, 2] We fail to find in the transcript in this record any order or judgment of the trial court that we would be authorized to consider showing that the motion of appellants to intervene in the Land suit was overruled, as claimed by appellants. There is in the transcript, on page 29 thereof, what purports to be a copy of a notation made by the trial court on its docket, which would indicate that the motion of appellants to intervene in the Land suit was overruled. That notation is as follows:

"11/23/25 Motion to intervener overruled, to which interveners except."

This brief notation made on the trial court's docket cannot be considered by this court as an order or judgment of the trial court refusing to permit appellants to intervene in the Land suit. In the case of Stark v. Miller, 63 Tex. 164, it was held by the Supreme Court of this state that mere entries made by a district judge on his trial docket are for his own convenience and that of the clerk in making his entries, but that such entries on the trial docket formed no part of the record, and in no sense constituted a judgment or decree of such court. This decision has never been questioned in Texas, but has been consistently followed ever since its rendition. If, in fact, there was a judgment, order, or decree of the trial court refusing appellants permission to intervene in the Land suit, such order, judgment, or decree ought to have been brought up in the transcript in this cause.

[3, 4] What we have just said is not the only trouble with the record before us. We

fail to find in the transcript any final judgment of the trial court disposing of the main suit (Hal G. Land v. Unknown Stockholders of Tulane Oil Company et al.), and therefore, so far as this record shows, the order, decree, or judgment, if there was such, denying appellants permission to intervene in the main suit, was only interlocutory, and an appeal or writ of error could not be prosecuted therefrom until the main suit was disposed of by the judgment of the trial court. Stewart v. State, 42 Tex. 242. It was also held in Moore v. Cobe (Tex. Civ. App.) 156 S. W. 1142, that an order by a trial court dismissing a petition in intervention was not appealable until the main suit had been disposed of by final judgment.

[5] We find in the transcript what purports to be a copy of a notation made on the trial court's docket which would indicate that the plaintiff, Hal G. Land, in his suit against the unknown stockholders of Tulane Oil Company, recovered the land sued for by him. But we cannot consider this mere docket entry as a final judgment of the trial court in that suit. Stark v. Miller, supra. Therefore, so far as this record shows, the main suit in which appellants sought to intervene has never been disposed of by final judgment, and therefore appellants, as interveners, could not appeal to this court. Stewart v. State, supra; Moore v. Cobe, supra.

It follows from these conclusions that this court is without jurisdiction to entertain this appeal, and it must be dismissed.

[6] If, however, this court had jurisdiction to entertain this appeal, the judgment of the trial court would have to be affirmed, for the reason that the record fails to show that any assignments of error were filed by appellants challenging the action of the trial court in overruling their motion to intervene. Article 1844, R. C. S. 1925, provides as follows:

"Before he takes the transcript from the clerk's office, the appellant or plaintiff in error shall file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies. Where a motion for new trial has been filed, the assignments therein shall constitute the assignments of error and need not be repeated by filing separate assignments of error. All errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of."

It has been held many times by the courts of this state that this statute is mandatory. Phillips v. Webb (Tex. Civ. App.) 40 S. W. 1011; Morrow v. Terrell, 21 Tex. Civ. App. 28, 50 S. W. 734; Thompson v. Howard (Tex. Civ. App.) 154 S. W. 1065; Losano v. Torres (Tex. Civ. App.) 234 S. W. 151; Evans v. Shaw (Tex. Civ. App.) 268 S. W. 1037. In this record there is neither an assignment of error in the transcript nor in the brief of appellants. Appellants do advance a proposition in their brief by which they assert that they were entitled to intervene, as they attempted to do, since their petition for intervention showed that they were claiming the Hezekiah Williams league of land, and were therefore interested in the subject-matter of the main suit. This proposition, however, would have to be based upon some assignment of error to which it was relevant, and, as we have said, there is no assignment of error in this record.

This court has no alternative other than to dismiss this appeal for want of jurisdiction, and such has been our order. It is done, however, without prejudice to any rights that appellants may have.

Appeal dismissed.