FRIEDMAN v. HUNTSVILLE COTTON OIL CO. et al.   (No. 5497.)

(Court of Civil Appeals of Texas.   San Antonio.   June 2, 1915.)

1. APPEAL AND ERROR ☞733 — QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error that a judgment is contrary to the law and the evidence, is unsupported by the evidence, and is unsupported by a preponderance of the evidence, are too general to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3025–3027; Dec. Dig. ☞733.]

2. APPEAL AND ERROR ☞724 — QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error not followed by a statement, but by, "See plaintiff's petition," "See bond," and, "See contract," with references to pages of the transcript, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. ☞724.]

3. APPEAL AND ERROR ☞724—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR—PROPOSITIONS.

An assignment of error, which is vague and indefinite and not followed by a proposition, but submitted as a proposition without disclosing the proposition of law involved, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. ☞724.]

4. APPEAL AND ERROR ☞742—ASSIGNMENTS OF ERROR—FINDINGS OF FACT.

An assignment of error complaining of a finding of fact supported by testimony will be overruled in the absence of any attempt in any statement to show wherein the finding is incorrect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

5. APPEAL AND ERROR ☞719 — QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

The court, on appeal in an action on a bond, cannot, in the absence of a proper assignment raising the question, decide that the act of the obligee in settling with the principal debtor by accepting a note released the surety from liability.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ☞719.]

Appeal from Walker County Court; W. A. Leigh, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by the Huntsville Cotton Oil Company against I. Friedman and another. From a judgment for plaintiff, defendant named appeals. Affirmed.

R. E. Minton, of Groveton, for appellant. Dean, Humphrey & Powell, of Huntsville, for appellee.

FLY, C. J. This is a suit instituted by the Huntsville Cotton Oil Company against appellant and S. L. Platt to recover on a bond given by them to insure the faithful performance of his duties as a cotton seed buyer for the Cotton Seed Oil Company. A breach of the bond by Platt was alleged, in that he had fraudulently converted to his own use the sum of $418.41 out of money furnished him by appellee, with which to buy cotton seed for appellee. The court rendered judgment for appellee against Platt and Friedman for $370.18.

[1] The first, second, and third assignments of error are too general to be considered. The first is, "The judgment of the court is contrary to the law and the evidence." The second is, "The judgment of the court is unsupported by the evidence." And the third is, "The judgment of the court is unsupported by a preponderance of the evidence."

[2] The fourth assignment of error is not followed by the statement required by the rules. "See plaintiff's petition," "See bond," and "See contract," with references to pages of the transcript, is not a compliance with the rules.

The fifth assignment of error is without merit. The special exception was properly overruled. The petition sufficiently set forth the terms of the contract.

[3] The sixth assignment is vague and indefinite and is not followed by a proposition. It is submitted as a proposition, but what proposition of law is involved therein does not appear.

[4] The seventh assignment of error is overruled. There was testimony to support the finding of fact complained of. No attempt is made in any statement to show wherein the finding was incorrect.

The eighth and ninth assignments of error complain of certain findings of fact of the trial judge; but, if they be sustained, the validity of the judgment is not affected thereby.

[5] There is no assignment which attacks the judgment on the ground that the uncontroverted evidence showed that appellant was a surety on the bond and that appellee settled with Platt by accepting his promissory notes for the money he had converted, and this court cannot decide that such action upon the part of appellee released appellant from all obligation on the bond, in the absence of a proper assignment raising that question. That is the only point in this case.

There is no merit in any of the assignments of error, and the judgment is affirmed.