**CANTER v. CANTER. (No. 655.)**

(Court of Civil Appeals of Texas. Beaumont. May 26, 1921.)

Appeal and error ⬅⇒282, 744—In case tried to court, motion for new trial not necessary, but assignments of error must be filed before appeal.

On appeal from a judgment in a case tried before the court without a jury, assignments of error in appellant's brief cannot be considered, where none were filed in lower court, though it is not necessary to file a motion for new trial.

Appeal from District Court, Liberty County; D. F. Singleton, Judge.

Suit by Rhola Smith Canter against Day Canter for divorce. Judgment for plaintiff, and defendant appeals. Affirmed.

C. H. Cain and E. B. Pickett, Jr., both of Liberty, for appellant.

C. R. Wilson and J. Llewellyn, both of Liberty, for appellee.

O'QUINN, J. This is a suit by Rhola Smith Canter against Day Canter for divorce, partition of the community property, and the custody of their five minor children. The case was tried before the court without a jury, and judgment rendered awarding the divorce, dividing the community property, and giving to plaintiff the custody of the children, as prayed for.

Appellant presents three assignments of error: (1) That the court erred in not sustaining his general demurrer to appellee's petition; (2) that the evidence was not sufficient to sustain the judgment; (3) in refusing to hear further evidence on the part of appellant. Appellee objects to this court's considering appellant's assignments of error, because same (1) were not filed in the court below; and (2) because no motion for new trial having been filed, article 1612, Vernon's Sayles' Civ. St., and Rules 101 and 101a for District and County Courts (159 S. W. xi), relating to assignments of error, are mandatory. The record fails to show that any motion for a new trial was filed, or that any assignments of error were filed in the court below before the taking of the transcript from the clerk's office, or at any time. Where a case is tried before the court without a jury, it is not necessary to file a motion for new trial in order to appeal, but in that case it is necessary to file assignments of error. There having been no assignments of error filed, as required by article 1612, Vernon's Sayles' Civ. St., we cannot consider the assignments in appellant's brief. Article 1612, Vernon's Sayles' Civil Statutes; Witherspoon v. Crawford, 153 S. W. 633; Smith v. Smith, 107 S. W. 888; Rules 101 and 101a (159 S. W. xi); Dallam County v. S. H. Supply Co., 176 S. W. 798.

Finding no fundamental error in the record, the judgment is affirmed.