**McGREW et al. v. HOY et al. (No. 6625.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 9, 1921.)

**1. Appeal and error ☞745—Assignments must be filed with clerk of trial court.**

In the absence of a motion for new trial, when it is not required by statute, assignments of error must be filed with the clerk of the court below distinctly specifying the grounds on which the appellant relies before he takes the transcript of the record from the clerk's office, and all errors not distinctly specified are waived, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1612.

**2. Appeal and error ☞719(1)—Only fundamental errors considered when not assigned as error.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, is mandatory, and, except in the case of fundamental errors, an appellate court has no basis for the consideration of errors but those presented through assignments of error.

Appeal from District Court, Atascosa County; Covey C. Thomas, Judge.

Action by Mattie Hoy and others against N. J. McGrew and others to set aside a will. Judgment of probate court for defendants. On appeal the district court annulled the will, and defendants appeal. Affirmed.

W. M. Abernethy and Walter E. Jones, both of Jourdanton, for appellants.

J. H. Ragsdale, of San Antonio, and J. R. Garnand, R. R. Smith, and Nat L. Hardy, all of Jourdanton, for appellees.

FLY, C. J. This is an appeal from a judgment of the district court setting aside the probate of the will of J. II. Williams which had theretofore been ordered by the county court. The will had been probated in 1919, and appellees sought in the county court to set aside such probate, and from a judgment

refusing the petition appeal was taken to the district court, where the probate of the will was set aside and the will annulled. The cause was tried by the district judge without a jury. No motion for new trial was required or made, and, of course, no assignments of error had such motion for a basis.

[1] In the absence of a motion for new trial, when it is not required by statute, assignments of error must be filed with the clerk of the court below distinctly specifying the grounds on which appellant relies, before he takes the transcript of the record from the clerk's office. The law provides that all errors not distinctly specified are waived. Vernon's Sayles' Tex. Civ. Stats. art. 1612.

[2] Except in the case of fundamental errors, an appellate court has no basis for the consideration of errors but those presented through assignments of error. The statute as to the filing of assignments of error, whether filed as such assignments or as grounds for new trial, is mandatory, and courts have no authority to dispense with them. Phillips v. Webb, 40 S. W. 1011; Thompson v. Howard, 154 S. W. 1065; Dees v. Thompson, 166 S. W. 56; Dallam County v. Supply Co., 176 S. W. 798; Friedman v. Cotton Oil Co., 177 S. W. 573; Munger Oil & Cotton Co. v. Beckham (Com. App.) 228 S. W. 128; Royal Neighbors v. Fletcher, 230 S. W. 476.

No fundamental errors appearing, judgment is affirmed.