## CARRERA v. HINES. (No. 1391.)

(Court of Civil Appeals of Texas. El Paso. Jan. 4, 1923. Rehearing Denied Jan. 25, 1923.)

1. **Appeal and error ⬅➡742(1) — Appellate court has only fundamental error to consider, in absence of proper assignments of error.**

A proposition should be germane to some assignment of error, and if there is no assignment of error filed in the trial court, and the proposition in the brief is not itself a substantial copy of the assignment so filed and found in the record, there is nothing for the appellate court to consider, except the question of fundamental error.

2. **Appeal and error ⬅➡745—Assignment of error for refusal to grant new trial must be filed with clerk of court, when case is tried before court without jury.**

Where the case is tried before the court without a jury, and for that reason no motion for a new trial was filed in the trial court, in

order to appeal from the refusal to grant a new trial, an assignment of error must be filed with the clerk of the court below, under rules 101 and 101a (159 S. W. xi), and Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, relating to assignments of error.

**3. Appeal and error ⬤➡742(6)—Propositions for review held too general for consideration by appellate court.**

No motion for new trial or assignment of error, or a suggestion of either, was contained in the record, but appellant presented two propositions to the same effect, that the court "should have rendered judgment for plaintiff for full amount sued for." *Held*, even though an assignment had properly been filed, the propositions are too general to entitle a consideration by the appellate court, and not in compliance with rules as provided in rules 101, 101a (159 S. W. xi), and Vernon's Sayles' Ann. Civ. St. 1914, § 1612, relating to assignments of error.

**4. Appeal and error ⬤➡719(1)—Rules requiring assignment of error mandatory.**

While Vernon's Sayles' Ann Civ. St. 1914, art. 1612, and rules 101 and 101a (159 S. W. xi), providing that assignments of error shall be copied in the brief, are liberally construed, the statute and the rule as to the necessity of an assignment are not matters of construction, but must be complied with.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by Felicita K. Carrera against R. E. Hines. Judgment for defendant, and plaintiff appeals. Judgment affirmed.

Owen & Bridgers and M. M. Winningham, all of- El Paso, for appellant.

Winter, McBroom & Scott, of El Paso, for appellee.

WALTHALL, J. This suit was instituted in the El Paso county court at law by J. C. Carrera, who subsequently died. Felicita K. Carrera, widow of the deceased, was duly substituted as plaintiff in the court below, and thereafter the suit was prosecuted by her as plaintiff to final judgment.

In her amended petition, upon which the trial was had, appellant pleaded two causes of action, one upon an express agreement to the effect that appellee would pay to J. C. Carrera, her deceased husband, the sum of $480 in certain installments agreed upon, in consideration that J. C. Carrera would then deliver to appellee a certain report upon a mining property, that the report was delivered to appellee as agreed, and that such payments were not made as agreed after demand. The second cause was based upon a written statement in words and figures as follows:

"Mr. J. C. Carrera, El Paso, Texas—Dear Sir: In case the Valmont-Tularosa Basin Oil Company's project should fail entirely, I will meet the unpaid balance of your account against the company, which now stands $480," and signed by appellee. The case was tried before the court without a jury, and after the evidence was heard the court rendered judgment in favor of appellee.

We find in the record no motion for a new trial, or assignments of error; nor is there a suggestion of either in appellant's brief. Appellee objects to a consideration by this court of appellant's propositions, for the reasons that there were no assignments of error filed in the trial court appearing in the record, or in appellant's brief. Appellant presents two propositions:

First. "The court below should have rendered judgment for plaintiff for the full amount sued for in the first count of plaintiff's petition."

Second. "The court below should have rendered judgment for plaintiff in the full amount sued for under the second count of plaintiff's petition."

Appellee further objects to a consideration of the propositions, for the reason that same are too general and indefinite. In the latter part of the brief we find what is designated "Appellant's Assignments of Error," but it is not found in the transcript. Under that statement it is said:

"The court erred in rendering judgment herein for defendant, for the reason that the said judgment is· contrary to the law and the evidence."

Then follow a brief statement of the two counts of the petition, and a statement that "the evidence having further been amply sufficient to support the second allegation, and to show that the Valmont-Tularosa Basin Oil Company had entirely failed and was no longer in existence," and further similarly stating what facts the attorney preparing the brief conceived the evidence to establish, and making no· reference to the evidence or statement of facts or page or pages of the record where either could be found; nor is there a reference to a motion for new trial or assignment of errors.

[1] A proposition should be germane to some assignment of error. If there is no assignment of-error filed in the trial court, and the proposition in the brief is not itself a substantial copy of the assignment so filed and found in the record, there is nothing for this court to consider, except the question of fundamental error.

[2, 3] Where the case is tried before the court. without a jury, as here, and for that reason no motion for new trial was filed in the trial court, in order to appeal therefrom an assignment of error must be filed with the clerk of the court below. It has been held that rules 101 and 101a (159 S. W. xi), relating to assignments of error are manda-

tory. Canter v. Canter (Tex. Civ. App.) 231 S. W. 796. See, also, article 1612, Vernon's Sayles' Texas Civil Statutes. The questions presented here have often been before the courts. The propositions, had there been an assignment filed, are too general and not in compliance with the rules. Roberts v. Williford (Tex. Civ. App.) 242 S. W. 797, and the rules and cases there referred to.

[4] While the above article of the statute, and the rule of the Supreme Court providing that assignments of error shall be copied in the brief are liberally construed, the statute and the rule as to the necessity of an assignment are not matters of construction, but must be complied with.

For reasons stated, we cannot consider appellant's propositions.

Finding no fundamental error, the case is affirmed.