**LOZANO et ux. v. MEYERS et al.** (No. 8037.)

Court of Civil Appeals of Texas. San Antonio. June 20, 1928.

Rehearing Denied July 27, 1928.

Bills and notes ☞97(1)—Holder in due course of note for architect fees held properly granted recovery, though contractor failed to construct building.

Where contractor, after execution of notes for architect fees and construction of building, failed to construct building, holder in due course of note for architect fees was properly permitted to recover thereon, since failure to build could not affect such note; the real consideration therefor being the services theretofore performed by architect.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by G. M. Lozano and wife against E. J. Meyers and others, wherein defendant named set up a cross-action. Judgment for defendant named on his cross-action, and plaintiffs appeal. Affirmed.

E. T. Yates, of Brownsville, for appellants.
Myrick & Coursey, of Harlingen, for appellees.

COBBS, J. This case was instituted in the district court of Cameron county, Texas, by G. M. Lozano and wife, filing their original petition therein on the 8th day of September, A. D. 1927, in which petition they seek to set aside a mechanic's lien contract and two notes executed by them on the 10th day of May, A. D. 1927, one for $2,000, payable to R. W. Mulhausen, and one for $45,000, payable to E. J. Meyers and W. R. Mulhausen; said $2,000 note having been given for architectural work for improvements to be constructed on lots 1, 2, and 3, block 82, in the city of Harlingen, and the $45,000 given for the construction of certain improvements upon the same lots. Said suit having been filed against E. J. Meyers, W. R. Mulhausen, R. W. Mulhausen, Lloyd Thompson, and A. G. Purdy, the defendant Lloyd Thompson filed a disclaimer. A. G. Purdy filed a general demurrer, a general denial, and set up a cross-action, alleging that he was the purchaser in due course of trade of the promissory note for $2,000, named in the mechanic's lien. Appellees admitted actual notice of the mechanic's lien. The $2,000 note was given to R. W. Mulhausen, and the $45,000 note described in the lien was given to Meyers and W. R. Mulhausen. The evidence shows that R. W. Mulhausen was not a builder or contractor, but an architect, and he made the plans for the building, which were accepted, and the $2,000 note was executed to pay for the plans.

There is indorsed a blank assignment by R. W. Mulhausen on the note, upon which the recovery was sought by cross-action. It is alleged that R. W. Mulhausen sold said mechanic's lien note of $2,000 to Lloyd Thompson, who sold same to A. G. Purdy. The prayer of the petition is:

"That by reason of the failure of the defendants to construct said building there was in fact no lien created upon the said property, and the said notes and lien executed as aforesaid are utterly without consideration and void, and the plaintiffs are entitled to have said notes and lien canceled and held for naught, and to have said land declared free and clear from any lien based upon said mechanic's lien and notes.

"Wherefore, premises considered, plaintiffs pray the judgment of the court that the defendants be duly and legally cited to appear and answer herein, and on final hearing hereof the said described mechanic's lien and notes be canceled and annulled and held for naught, and said land be declared free from any lien created by virtue of said purported lien and notes, and that plaintiff be given judgment for costs of court and for all and further relief, general and special, in law or in equity, to which they may be justly entitled."

To this cause of action set up in the cross-action appellant submitted sufficient denials and responsive pleadings, and by sworn answer pleaded, among other things:

"And again come the plaintiffs, and say that the note of two thousand ($2,000) dollars, executed by them on the 10th day of May, A. D. 1927, payable to R. W. Mulhausen, and the note of forty-three thousand ($43,000) dollars, executed at the same time, payable to E. J. Meyers and W. R. Mulhausen, were given in payment for the construction of a three-story building on the lot described in plaintiffs' original petition, according to plans and specifications fully set out in a builder's contract between plaintiffs and said Meyers and Mulhausen

and Mulhausen, said contract being duly record-.ed in the mechanic's lien records of this county, certified copy of which is on file in the papers in this cause; that said building was not constructed in whole or in part, and that said defendants expended nothing upon the construction of said building, and did not comply substantially, or even partially, with the contract; that the notes above described recite on their face that they are given for material furnished and labor done in the construction of said three-story building; that the defendants and all of them knew, or should have known, that said notes were wholly without consideration, and that said building had not been constructed.

"Wherefore these plaintiffs say that the consideration for which said notes were given has wholly failed, and of this they pray the judgment of the court, that the defendants take nothing against these plaintiffs, that the defendants be held not to be innocent purchasers, and that, in addition to canceling the mechanic's lien as prayed for in plaintiffs' original petition, the above notes be canceled and judgment entered that none of the defendants recover a personal judgment against these plaintiffs on either of said notes."

This note is one of a series of two notes covered by the following contract:

"The State of Texas, County of Cameron:

"Know all men by these presents that we, G. M. Lozano and Mrs. G. M. Lozano, husband and wife, of Cameron county, Texas, parties of the first part, and E. J. Meyers, W. R. Mulhausen, and R. W. Mulhausen, of Cameron county, Texas, parties of the second part, have this day entered into the following contract:

"Whereas, the parties of the first part are desirous of building erecting and constructing certain improvements, to wit, one three-story reinforced concrete and brick building to be built, erected, and constructed by party of the second part upon the following described tract, lot, or parcel of land belonging to said parties of the first part, to wit: Lots 1, 2, and 3 of block No. 82 of the town site of Harlingen, Cameron county, Texas, as more fully shown on map or plat of said town site of Harlingen of record in the office of the county clerk of Cameron county, Texas:

"Now, therefore, in consideration that the party of the second part has agreed and does by these presents agree with the parties of the first part that they will make, erect, build, and finish in a good, substantial, and workmanlike manner, by the 10th day of November, 1927, the said above-mentioned improvements on the above-described premises, performing or causing to be performed all of the labor in the erection and construction of the same, and furnishing all of the material of whatsoever kind necessary to be used in the erection and construction of the same, and paying all expenses incident to the said labor and furnishing of material, the said improvements to be built of good substantial material and to be erected and constructed strictly according to the plans and specifications signed by the parties hereto for identification and made a part hereof, the parties of the first part hereby agree to pay to the party of the second part, at Harlingen, Texas, the sum of forty-seven thousand ($47,-000) dollars, as follows:

"One certain mechanic's lien note of even date

herewith in the principal sum of forty-five thousand ($45,000) dollars, executed by G. M. Lozano, payable to the order of E. J. Meyers and W. R. Mulhausen, six months after date, with interest thereon from date at the rate of 10 per cent. per annum, interest payable at maturity. And one certain mechanic's lien note of even date herewith in the principal sum of two thousand ($2,000) dollars, executed by G. M. Lozano, payable to the order of R. W. Mulhausen, six months after date, with interest thereon from date at the rate of 10 per cent. per annum, interest payable at maturity; said notes further providing for 10 per cent. additional on the amount of principal and interest then due, as attorney's fees, if placed in the hands of an attorney for collection, or if suit is brought on same, and providing that failure to pay either of said notes, or any installment of interest when due, shall at the option of the holder of said notes, or either of them, mature all of said notes not then already due.

"It is expressly agreed and understood that, to secure the payment of said notes according to their face, tenor, and effect, the party of the second part retains and shall have a valid and existing mechanic's, materialman's, laborer's and contractor's lien, equities, securities, and interest in and to the above-described real estate and the improvements not upon and to be placed upon said land, and it is agreed and understood that said notes may be assigned, and the assignee or purchaser shall have and be subrogated to all the rights and equities of the party of the second part, to have and to hold the same, together with all the rights and appurtenances to the same belonging or in any wise incident or appertaining.

"It is also further agreed and stipulated that the parties of the first part shall, at their own cost and expense, keep the property and premises herein described, and upon which a lien is hereby created, in good repair and condition, and pay all taxes due and to become due thereon, before the same shall become delinquent, and shall keep the buildings, if any, and improvements that are insurable, insured in a sum of at least $—— in some fire insurance company approved by the parties of the second part, or other holder of said notes, to whom the loss, if any, shall be payable, as their interest may appear, and by whom the policy of policies shall be kept, and, in case of default made by the parties of the first part in the performance of any of the foregoing stipulations, the same may be performed by the party of the second part, or other holder of said notes; and the parties of the first part agree to repay to the payor thereof all money thus expended by payor, with interest at the rate of 10 per cent. per annum, from the date when the same was expended, and all sums thus expended shall stand secured by this contract, in like manner with the above notes.

"Said parties of the first part hereby waive, in favor of the said indebtedness, all homestead exemptions and allowances, and all allowances in lieu of homestead, or for exempt articles, or for support, and all commissions which may accrue to either of them in any probate proceedings, if any, in which the said premises may be involved.

"Witness our hands at Harlingen, Texas, this 10th day of May, 1927.

"G. M. Lozano.

"Mrs. G. M. Lozano."

This contract was not signed by the named second parties to the contract, E. J. Meyers, W. R. Mulhausen, and R. W. Mulhausen, of Cameron county, Texas, and they never became bound or obligated in any way thereby, and for the same reason it did not bind the other parties thereto, the appellants herein. In fact, the contract was entirely abandoned, and there was no attempt to carry it out, or to construct the improvements called for in the contract. In such a contract, one party could not be bound always, and the other not at all.

Upon such issue the trial court found:

### "Findings of Fact.

"On the 10th day of May, A. D. 1927, the plaintiff G. M. Lozano and wife, and children, were living on lots numbers one (1), two (2), and three (3) in block number twenty-three (23), in the city of Harlingen, in Cameron county, Texas; the same constituted their homestead, and still constitutes their homestead. At that time G. M. Lozano and wife, as owners, and E. J. Meyers and R. W. Mulhausen and W. R. Mulhausen, as contractors, entered into an agreement whereby the said contractors were to build a three (3) story brick and concrete structure on said homestead, for a consideration of forty-seven thousand ($47,000) dollars, provided the said contractors could secure a loan and finance the building. G. M. Lozano and wife signed a builder's contract, and acknowledged it, but none of the contractors signed it. G. M. Lozano at the same time signed one (1) mechanic's lien note for forty-five thousand ($45,000) dollars, payable to E. J. Meyers and W. R. Mulhausen, and one (1) mechanic's lien note for two thousand ($2,000) dollars, payable to R. W. Mulhausen. The contractors failed to finance the building, and it was never constructed.

"On the 11th day of May, A. D. 1927, R. W. Mulhausen took the builder's contract and note of two thousand ($2,000) dollars to L. H. Thompson, and offered it for sale. Said Thompson read the contract and note, and purchased the note from said R. W. Mulhausen for his father, and paid value for it. The builder's contract was not then recorded; it was recorded the next day.

"On the 27th day of June, A. D. 1927, A. G. Purdy purchased the said note from said Thompson and paid value for it.

### "Conclusions of Law.

"(a) That the mechanic's lien note in the sum of two thousand ($2,000) dollars, described on pages nineteen (19) and twenty (20) of the statement of facts, is a negotiable instrument.

"(b) That both A. G. Purdy and L. H. Thompson became holders of said note in due course, and paid a valuable consideration therefor.

"(c) That the mechanic's and materialman's lien should be canceled and held for naught.

"(d) That defendant A. G. Purdy recover judgment against plaintiff G. M. Lozano for the amount of the note in the principal sum of two thousand ($2,000.00) dollars, with interest, attorney's fees, and costs."

The recovery on the note is sought by cross-action, but the failure to build could not affect the note given for the architect's services in making the plans. The fact that two notes were given indicates that there were different considerations. The court did not err in rendering a personal judgment on the note sued on, being for services performed by the architect, the real consideration of the note.

For the reasons given, the judgment of the trial court is affirmed.