## NICHOLAS v. OLIVER FARM EQUIPMENT SALES CO. et al.

### No. 3570.

Court of Civil Appeals of Texas. Amarillo.

March 18, 1931.

Rehearing Denied April 8, 1931.

Sanders & Scott, of Amarillo, and H. E. Florey, of Overton, for appellant.

Clayton & Bralley and W. W. Gibson, all of Amarillo, for appellees.

HALL, C. J.

The appellee company sued the appellant to recover the amount of $350 evidenced by one note and $1,450 evidenced by two notes of $725 each, executed by appellant and payable to M. D. Womble.

The notes were executed as part of the purchase price for a combine, and plaintiff prayed for the foreclosure of a chattel mortgage on the combine and certain wheat which it is alleged was located on the farm and in an elevator. The appellee alleged the transfer of the note and mortgage to it by Womble and its election to mature the whole series under the acceleration clause contained in the first note. J. B. Holland and Farmers' Elevator, a corporation, were made defendants under the allegation that they claimed some interest in the wheat and had converted the same. A writ of sequestration was issued and served, and the wheat was taken into possession by the sheriff.

Nicholas answered by general demurrer, numerous special exceptions, a general denial, and specially alleged that Womble, the payee in the notes and the mortgagee, was acting as the agent and representative of the plaintiff in the transaction in which said notes and mortgage were executed; that Womble represented that the combine purchased by appellant would be a new, unused, 1929 model machine; that it would perform well and do the work as well as any other model or make of combine, and that he would service said combine for a period of one year, next after the purchase thereof.

Appellant further alleges that he relied upon Womble's representations, believing they were made in good faith, and executed the series of notes sued on and the mortgage and accepted the combine; that he would not have executed the notes or mortgage but for the fact that he relied upon Womble's representations and promises; that the combine was not a 1929 model, as represented, but was an old 1928 model; that it was not new, but was a secondhand machine, and would not perform well, and, in fact, would not perform at all, and could not be made to harvest and thresh defendant's wheat. Appellant further alleges that he called upon Womble as the agent of plaintiff repeatedly to service the combine, but Womble wholly failed and refused to do so; that appellant gave the machine a full and fair test, and found it to be absolutely worthless for the purposes for which it was purchased, and was forced to abandon the use of the same, and he tendered the combine to plaintiff through its agent, Womble, and demanded the return of his notes and a release of his chattel mortgage.

The plaintiff filed a supplemental petition, denying that Womble was its agent at any time, and alleging that he was an individual dealer in such implements and machinery manufactured by plaintiff. It denied the authority of Womble to make any representations concerning the model of the machine by which plaintiff would be bound or to make any promises binding the plaintiff with reference to the performance or service of the machine, and alleged that it was a purchaser in due course of business, for value, without notice, of said notes and mortgage.

There was a trial to the court without a jury. The court filed findings of fact and conclusions of law, the material portions of which are, in substance, as follows: (a) That appellant Nicholas executed the notes and chattel mortgage to M. D. Womble; (b) that there was almost an entire failure of consideration for the notes, but that, after Nicholas

knew of such failure of consideration, he instructed that the balance of $300 and interest due on the $350 note sued on should be paid; (c) that there was no fraud perpetrated upon appellant by Womble in the inception of the notes; (d) that Womble was not the agent of the Oliver Farm Equipment Sales Company, but was merely a dealer in the implements and machinery put out by the plaintiff sales company; (e) that the wheat taken under the writ of sequestration was included in the chattel mortgage which appellant gave to Womble; and (f) "while the defendant Nicholas has requested a finding as to whether or not the plaintiff purchased the notes sued upon before maturity without knowledge of fraud or failure of consideration, if any, I can make no finding upon this point because there is no evidence as to when or under what circumstances the notes passed into the hands of the plaintiff, though I do find that said notes did pass into the hands of the plaintiff and that the plaintiff was the holder of said notes at the time of the filing of this suit."

The court concludes as a matter of law that there was no defect in the title to the notes sued upon, because the signature of appellant had not been obtained by fraud, duress, force, or fear or other unlawful means, or for an illegal consideration or under circumstances amounting to fraud; that, since the only defense is a plea of failure of consideration, the holder is deemed prima facie to be a holder in due course, and the record being in this condition, the burden is upon the appellant to prove that the holder was not a holder in due course, and, there being no such proof, a showing of failure of consideration is insufficient to require the appellee to prove that it became the holder of said notes in due course.

A judgment was entered in accordance with the findings, from which Nicholas has appealed.

There are numerous assignments of error which have been grouped by the appellant and are submitted as propositions.

■ Under the first group of assignments, it is contended that, because there was a failure of consideration for the notes, as found by the court, the title to the notes was defective in the hands of the payee, Womble, which shifted upon the appellee the burden of proving that it was a holder in due course, which burden it failed to discharge.

In support of this contention, the appellant cites Taylor & Co. v. Nehi Bottling Co. (Tex. Civ. App.) 30 S.W.(2d) 494; Campbell v. Rosenow (Tex. Civ. App.) 32 S.W.(2d) 372; R. S. art. 5935, §§ 55 and 59.

Section 55 is:

"The title of a person who negotiates an instrument is defective within the meaning of this Act when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud."

Section 59, under this article, is:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course," etc.

Reference to the cases cited shows that they sustain the appellant's contention to the effect that a proof of failure of consideration of a note in the hands of a holder in due course shifts the burden upon such holder to prove his bona fides. The cases cited are by the Courts of Civil Appeals, and are persuasive in support of the rule announced, but in Lozano et ux. v. Meyers (Tex. Com. App.) 18 S.W.(2d) 588, affirming same case in (Tex. Civ. App.) 8 S.W.(2d) 785, Harvey, P. J., says that the holder in due course of a negotiable note executed in part payment for architectural work in construction of improvements was entitled to recover thereon under R. S. 1925, art. 5933, §§ 25, 28, regardless of contractor's failure to construct the building, since the status of a holder in due course was not lost by reason of subsequent failure of consideration or breach of contract. In Jackes-Evans Mfg. Co. v. Goss (Tex. Civ. App.) 254 S. W. 320, Judge Willson of the Texarkana court had construed the negotiable instruments law in the same manner. See 6 Tex. Jur. 855, 856, § 207, note 2, and authorities cited.

We believe these cases are conclusive of the contentions, and appellant's first proposition is overruled.

Under the second group of propositions, it is insisted that, because the record discloses fraud or shows circumstances raising a strong suspicion that Womble had perpetrated a fraud upon appellant in the sale of the combine constituting a defective title to the notes in the payee's hands, the burden of proving that it was a holder in due course was cast upon the appellee.

■ The allegations of the appellant's answer are sufficient to show fraud, although it is not alleged that the representations were fraudulently made, and there is no statement in the pleading that Womble had made the representations falsely and fraudulently. Hickernall v. Gregory (Tex. Civ. App.) 224 S. W. 691. The trial court, however, heard the evidence, observed the witnesses as they testified, and has found that Womble was not guilty of fraud. We cannot disturb that finding, and the second contention is therefore overruled.

The court having found that Womble was not the agent of the appellee, and there being evidence to sustain the finding, for the reasons

just stated we overrule the contentions under the third group of propositions.

 By the last proposition it is insisted that the court erred in foreclosing the chattel mortgage lien on 14,440 pounds of wheat stored in the Castro county grain elevator, because the evidence was insufficient to identify the wheat as being that covered by the mortgage.

This proposition is not followed by any statement from the record, and cannot therefore be considered. It is true that the court found that Nicholas had instructed some of his employees to pay off the $300 note and interest after he had discovered that there was a failure of consideration, but the judgment is not based upon any such finding, and, because waiver and ratification was not alleged by the appellee, the issue is not in the case, and this finding is immaterial.

We find no reversible error in the record, and the judgment is affirmed.