### PANHANDLE & SANTA FE RY. CO. v. BURT et al.
### No. 1225.

Court of Civil Appeals of Texas. Eastland.
April 27, 1934.

Douthit, Mays & Perkins, of Sweetwater, for appellant.

C. F. Sentell, of Snyder, for appellees.

FUNDERBURK, Justice.

The suit involved a shipment of 28 mules from Snyder to Fort Worth, Tex. It was alleged that one of the mules delivered to the carrier at Snyder was never delivered by the latter to the consignee. Its alleged value at the destination of the shipment was $100. Three other mules were alleged to have been injured in the shipment to such an extent as to impair their value at the place of destination in the total sum of $87.50. Upon a jury trial and verdict favorable to the plaintiffs, G. D. and G. L. Burt, judgment for the sum of $187.50 was rendered, from which the defendant, Panhandle & Santa Fe Railway Company, has appealed. This is the second appeal of the case. See Panhandle & Santa Fe Railway Co. v. Burt (Tex. Civ. App.) 50 S.W.(2d) 922.

Appellant makes one assignment of error which is as follows: "The court erred in failing and refusing to sustain this defendant's objection to the charge of the court in its entirety. * * *" It is followed by the statement of a reason referred to as being contained in paragraph 5 of defendant's objections to the charge of the court, and is then set out. The same assignment is repeated, followed by the statement of a different reason contained in paragraph 9 of defendant's objections to the charge of the court, which is also copied.

The reason why we say there is but one assignment of error and that it is as above set out, is because the reason, or rea-

sons, why it is contended that the court erred in any particular ruling, act, or other part of the proceedings constitute no essential part of an assignment of error. Clarendon L. I. Agency Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105; Largent v. Etheridge (Tex. Civ. App.) 13 S.W.(2d) 974; Benavides v. Garcia (Tex. Civ. App.) 283 S. W. 611. An assignment of error is simply a written statement to the effect that the court erred in a particularly named (and thereby designated) part of the proceedings in a case, from the judgment wherein appeal, or writ of error, is prosecuted. District Court Rule 25 (142 S. W. XII), and authorities cited above. If a reason, or reasons, be stated in connection with an assignment of error intended to be a part thereof, such reason or reasons may be disregarded. In Fuqua v. Pabst, 90 Tex. 298, 38 S. W. 29, 750, 35 L. R. A. 241, it was held to be the settled practice to do so. Since the reasons may be disregarded, the deduction would naturally follow that it is immaterial, so far as the validity or scope of an assignment of error may be affected, whether the reasons be good or not. Accordingly it has been held that an assignment of error may be good though the reasons urged in its support be untenable. Brackenridge v. Claridge, 91 Tex. 527, 44 S. W. 819, 43 L. R. A. 593; Golden Rod Oil Co. v. Noble (Tex. Civ. App.) 233 S. W. 524; First Nat. Bank v. Fuller (Tex. Civ. App.) 191 S. W. 830; C. R. Miller v. Mummert (Tex. Civ. App.) 196 S. W. 270.

■■ It is thus seen that the true function of an assignment of error is to segregate and identify a particular part of the entire proceedings in a case as to which it is proposed to contend in the appellate court that there was error. The effect of the segregation and identification is to waive all errors, not fundamental, which may have occurred in any of the remaining part of the proceedings.

■We have deemed it appropriate thus to focus attention to the true nature and function of assignments of error, because assignments of error are not only the essential means of conferring jurisdiction upon the appellate court to review proceedings in the court below (except where fundamental errors appear), but they limit and mark the boundaries of that jurisdiction. Searcy v. Grant, 90 Tex. 97, 37 S. W. 320; Roberson v. Hughes (Tex. Com. App.) 231 S. W. 734; Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844; Oar v. Davis, 105 Tex. 479, 151 S. W. 794; Lee v. Lewis (Tex. Com. App.) 298 S.

W. 408; Fordyce v. Dixon, 70 Tex. 694, 8 S. W. 504; Harris v. Harris (Tex. Civ. App.) 44 S.W.(2d) 802; Farmers' Nat. Bank v. Dublin Nat. Bank (Tex. Civ. App.) 55 S.W.(2d) 567; Cates v. Clark (Tex. Civ. App.) 24 S.W.(2d) 450; Shaw v. Centerfield Oil Co. (Tex. Civ. App.) 10 S.W.(2d) 144; Wright v. Maddox (Tex. Civ. App.) 286 S. W. 607; McDaniel v. Turner (Tex. Civ. App.) 269 S. W. 496; Williams v. Land (Tex. Civ. App.) 300 S. W. 990; Carrera v. Hines (Tex. Civ. App.) 246 S. W. 1057; McGrew v. Hoy (Tex. Civ. App.) 234 S. W. 686; Canter v. Canter (Tex. Civ App.) 231 S. W. 796; Thompson v. Howard (Tex. Civ. App.) 154 S. W. 1065; Phillips v. Webb (Tex. Civ. App.) 40 S. W. 1011.

■ This case was submitted to the jury under authority of R. S. 1925, arts. 2189 and 2190; that is to say, it was submitted upon "special issues." Articles 2185 and 2186, providing for the giving of general and special charges or instructions, have no application. Accurately speaking there was, therefore, no "charge of the court in its entirety" to which an objection for any reason could be applicable. Taking notice, however, of the custom of referring to "special issues" as the "charge of the court," we must nevertheless look to the provisions of article 2190 to determine the necessity and effect of objections and the consequences of the court's action in overruling same, etc. That article does not require that the failure or refusal of the court to submit an issue made by the pleadings and the evidence must be objected to as a condition of avoiding waiver of the error, if any, in such action. It makes an entirely different provision. It requires that proper and timely request be made for the submission of the omitted issue as a condition to nonwaiver of the right to complain of such omission. Therefore, we think if the pleadings and evidence raised an issue of the defendant's negligence, and of whether same was the proximate cause of the injuries, and if appellant would be adversely affected by the failure or refusal of the court to submit such issues, then the right of appellant to complain of such omissions was, by the statute, expressly conditioned upon its having made proper and timely request for such submission. This is in effect what was held upon the former appeal. The statute itself (R. S. 1925, art. 2190) would, however, have been a more apt citation of authority than Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183, which was cited.

■ But, if the pleadings and evidence

raised issues of negligence and proximate cause, appellant had no interest in the submission of such issues which could be adversely affected by the failure or refusal of the court to submit such issues. It may now be regarded as settled that the defendant in any case is under no duty to request the submission of issues necessary to the establishment of the plaintiffs' cause of action, nor to object to the failure or refusal of the court to submit such issues. Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708; International-G. N. Ry. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669; Continental Oil Co. v. Berry (Tex. Civ. App.) 52 S.W.(2d) 953; Dallas Ry. Co. v. Fuchs (Tex. Civ. App.) 52 S.W.(2d) 685; Alexander v. Good Marble & Tile Co. (Tex. Civ. App.) 4 S.W.(2d) 636; Walling v. Rose (Tex. Civ. App.) 2 S.W.(2d) 352; Tripplehorn v. Ladd-Hannon Oil Corp. (Tex. Civ. App.) 8 S.W.(2d) 217.

There could, therefore, be no error, of which appellant is entitled to complain, in the only part of the proceedings in the court below embraced in its single assignment of error, namely, "failing and refusing to sustain this defendant's objection to the charge of the court."

Whether or not the court may have erred in giving judgment for the plaintiffs in that the verdict of the jury was insufficient to support such judgment is another question, and one not embraced within the assignment of error. If, as formerly, the verdict of the jury was required to furnish complete support for the judgment, a question of fundamental error would probably be presented. Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391. Now, findings upon issues as to which there is no evidence, and upon issues established by the uncontroverted evidence, are not required to be embraced in the verdict of the jury. They serve, however, to support the judgment just the same. If the issues of negligence and proximate cause were supported by the uncontroverted evidence, then the court committed no error in rendering the judgment in question in so far, at least, as the failure to submit and have a finding upon those issues is concerned. To ascertain whether or not such was the case would require a reading of the statement of facts. No fundamental error, therefore, appears. Our jurisdiction to review that question has not been invoked by the necessary assignment of error.

While these conclusions are sufficient to dispose of the case, we deem it not amiss to say that it does not certainly appear from the record that the issues of negligence and proximate cause were necessary to be established in order to entitle the plaintiffs to judgment. Their petition is susceptible to the construction that the cause of action upon which the recovery was awarded was one upon contract and not upon tort. Texas & P. Ry. Co. v. Bufkin (Tex. Civ. App.) 46 S.W.(2d) 714. That may account for the failure of the court to submit the issues of negligence and proximate cause.

Being of the opinion that no error is shown and that the judgment should be affirmed, it is accordingly so ordered.