ADAMS et al. v. JONES.

No. 5068.

Court of Civil Appeals of Texas. Texarkana.

April 29, 1937.

Rehearing Denied June 10, 1937.

Emmet Thornton and T. J. Flewharty, both of Sulphur Springs, for plaintiffs in error.

J. K. Brim and W. T. Stell, both of Sulphur Springs, for defendant in error.

WILLIAMS, Justice.

This is a suit in which plaintiffs in error sought to recover title and possession of 130 acres of land in Hopkins county standing in the name of defendant in error. Upon trial to a jury, judgment was rendered decreeing to plaintiffs in error the title and possession, and to defendant in error an equitable lien on the land in the sum of $3,240 with a foreclosure of this lien. From this judgment, plaintiffs in error have appealed.

From an inspection of the record, this appeal presents an attack on the validity of that part of the judgment decreeing this equitable lien with a foreclosure.

From the allegations of the pleadings, plaintiffs in error owned 240 acres of land on which they executed in July, 1918, to Reynolds Mortgage Company a deed of trust to secure a loan of $6,000 due January 1, 1924; plaintiffs in error in January, 1919, to secure a $3,300 note executed a deed of trust to the City National Bank of Sulphur Springs on the 130 acres involved in this suit, same being a part of the 240 acres; in March, 1922, sale was made under the last deed of trust, bought in by defendant in error, and title taken in his name. Later defendant in error, and another party who had bought the remaining 110 acres of the original 240-acre tract, paid off and discharged the Reynolds lien debt of $6,000, defendant in error paying $3,240 of same. Plaintiffs in error in 1932, approximately ten years after the sale under the deed of trust, instituted this suit asserting that defendant in error had purchased the land under an express agreement to reconvey to plaintiffs in error. Defendant in error denied any trust agreement.

The pleadings are quite lengthy and the statement of facts is voluminous. The main contention urged by plaintiffs in error is that defendant in error was an interloper in paying this Reynolds debt, and that more than four years have elapsed between the time he paid this debt and now when he is asserting his reimbursement for same. Defendant in error pleaded that the Reynolds mortgage debt was paid at the request of plaintiffs in error in order to sell the 110 acres of land. Plaintiffs in error waited ten years to assert this alleged trust agreement, and in this circumstance equity would give defendant in error the right to assert this equitable lien now.

Article 1757, R.S. as amended by Acts of 1931, c. 45, § 1 (Vernon's Ann.Civ.

St. art. 1757) requires briefs to contain "the alleged error or errors upon which the appeal is predicated." The brief of plaintiffs in error does not contain an assignment of errors. For that reason, in disposing of this appeal, this court is restricted to a consideration only of errors "apparent upon the face of the record." Lamar-Delta County Levee Imp. Dist. v. Dunn (Tex. Civ.App.) 42 S.W.(2d) 872; Id. (Tex.Com. App.) 61 S.W.(2d) 816; Commercial Credit Co. v. Williams (Tex.Civ.App.) 87 S.W.(2d) 499.

Assignments of errors are not only essential means of conferring jurisdiction upon the appellate court to review proceedings in a court below (except where fundamental error appears), but they limit and mark the boundaries of that jurisdiction. Panhandle & S. F. Ry. Co. v. Burt (Tex. Civ.App.) 71 S.W.(2d) 390, and numerous authorities there cited; Kuntz v. Spence (Tex.Civ.App.) 48 S.W.(2d) 413, 421.

The propositions contained in the brief are not followed by any statement from the record, either transcript or statement of fact, and do not cite any assignment to which each is germane. City of Uvalde v. Stovall (Tex.Civ.App.) 279 S.W. 889; Nicholas v. Oliver Farm Equipment Sales Co. (Tex.Civ.App.) 37 S.W.(2d) 266; West v. Peters (Tex.Civ.App.) 287 S.W. 81.

The discussion of the court in Judd v. Wyche (Tex.Civ.App.) 80 S.W.(2d) 808, with numerous authorities therein cited, are pertinent to the character and condition of the brief in this record for plaintiffs in error. See, also, discussions in 3 Tex.Jur., Appeal and Error, §§ 616, 618, 622, 623, 624, and 625, in regard to multifarious propositions, assignments, and the form and requisites of statements with reference to the record and evidence.

Finding no fundamental error apparent upon the face of the record, the case is affirmed.

## On Motion for Rehearing.

We have again carefully examined plaintiffs in error's brief filed on February 1, 1937. The matters therein intended for assignments of error or propositions, or both, merely constitute disconnected arguments without reference to the particular action of the trial court intended to be complained of, and without reference to the transcript or statement of facts where same may be found. Under such circumstances,

for the reasons as fully discussed in the original opinion, we are not authorized to consider this brief. In addition to the authorities heretofore cited, see 4 Corpus Juris Secundum, Appeal and Error, § 1323, for an elaborate discussion on rules for briefing in Texas appellate courts, applicable here.

The motion for rehearing is overruled.