J. Frank CARTER et ux., Appellants,

v.

SOUTH TEXAS LUMBER COMPANY et al., Appellees.

No. 4191.

Court of Civil Appeals of Texas.

Eastland.

Sept. 22, 1967.

Dan Fergus, Wayne B. Ames, Abilene, for appellants.

Byrd, Shaw, Weeks, Calhoun & Bradshaw, William W. Bradshaw, Abilene, for appellees.

GRISSOM, Chief Justice.

J. Frank Carter and wife bought some lots in Abilene, intending to construct a dwelling thereon and make it their homestead. They made a contract with Love to build the house and, on October 5, 1964, executed and delivered a note payable to him or to his order for $9,000.00, due on or before one hundred and twenty days from date. It contained the following provisions:

"This note is given in payment for the construction of certain improvements— this day contracted to be erected by Dan Love for the undersigned—"

At the same time the Carters executed and delivered contracts expressly giving Love mechanic's, materialman's and deed of trust liens to secure its payment. Simultaneously, Love endorsed and assigned said note and liens to South Texas Lumber Company. Thereafter, Love constructed the dwelling, a portion of the materials used therein being furnished by said Company. Said Company being the owner and holder of said note, in due course after its maturity, made demand for payment and, upon the Carters' refusal to pay, it caused the trustee to post notices of sale of such property under said deed of trust, whereupon, the Carters filed this suit seeking to enjoin the sale. The Carters alleged their execution and delivery of the note and lien contracts and construction of the dwelling on said lots by Love. However, they also alleged they had paid the note to Love. Both sides filed motions for summary judgment. The Lumber Company's motion was sustained and judgment rendered accordingly. Carter and wife have appealed. Their points will be hereinafter mentioned.

The court did not err in refusing to enjoin the sale under the deed of trust because it was established that the note was a negotiable instrument owned by the Lumber Company and that it became the holder thereof in due course for a valuable con-

sideration prior to its maturity. The Carters' pleadings and affidavit established compliance with the contract by Love. In their verified petition the Carters alleged their execution and delivery of the note to Love; that it was secured by said liens and that upon delivery Love assigned it and said liens to the Lumber Company and that Love erected said dwelling in accordance with said contract and that they had paid the note to Love. The Carters alleged there was no issue of fact, only questions of law. The Lumber Company, in its verified cross action alleged that it was the owner and holder of said note in due course before maturity; that it had not been paid and demand and refusal to pay. It tendered into court the original note with said endorsement and assignment. The Lumber Company's motion contained the affidavit of its president that it furnished materials for erection of Carter's house of the value of $2,179.20. It attached the invoices therefor, swore that they were correct and that they represented the balance due for the materials furnished by it to build Carter's house; that no payment had been made to said Company and that it had been the owner and holder of said note and liens since the date of its execution, the 5th of October, 1964. In reply thereto the Carters filed only a general denial. Appellees' motion for summary judgment was not based on pleadings alone. Therefore, the question that divided our Supreme Court in Southwestern Fire & Casualty Company v. Larue, 367 S.W.2d 162, is not presented here.

■ There was no allegation that the note was not negotiable. Its negotiability is evident. The record shows that it is a negotiable instrument owned by said Lumber Company and that it became a holder thereof in due course prior to its maturity for a valuable consideration. It was (1) in writing and signed by the Carters; (2) it was an unconditional promise to pay and (3) it was payable at a determinable future time (4) to Love's order, as required by Sec. 1, Article 5932 to make it negotiable.

It bore on the reverse side the order of Love for its payment to the Lumber Company and it was delivered to said Company on October 5, 1964, the day it was executed by the Carters and assigned to said Company. Said facts are established and are undisputed.

Section 52 of Article 5935 defines a holder in due course as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

1. That it is complete and regular upon its face;

2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

3. That he took it in good faith and for value;

4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 57 of Article 5935 provides that a holder in due course holds the instrument free from defenses available to prior parties among themselves and that it may enforce payment of the full amount against all parties liable thereon. It was established that the Lumber Company was a holder in due course and within the provisions of said statute.

The Carters contend the note was not negotiable because it provided that it was subject to improvements being erected on the described lots, maintaining that the recitation that a dwelling was to be erected made the promise to pay conditional. We do not agree with this conclusion. Section 3 of Article 5932 provides that an unqualified promise to pay is unconditional, though coupled with a statement of the transaction which gives rise to the instrument. That provision is applicable here.

Appellants cite Continental National Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928, in which it was held that a similar recitation in a note was merely a statement of the transaction which gave rise to that instrument within the meaning of said article. Appellants seem to contend that, since the recitation in this note is not identical to that in the Conner case, this note is not negotiable because the statement therein is more than a statement of the transaction. We cannot agree to that conclusion. In the Conner case our Supreme Court said that before a reference in an otherwise negotiable instrument to another instrument will make it non-negotiable it must appear therefrom that the paper is burdened with the condition of the agreement referred to. The recitation in the Conner case was to a provision that failure to pay any part of the principal, or to perform any agreement in the referred to lien instrument, would mature the note and, further, that the note was secured by a referred to mechanic's lien contract. The recitation in the note here in question was to the effect that the note was given in payment for construction of certain improvements upon Carter's lots by Love and that to secure its payment an express contract and mechanic's lien had been given upon said lots and improvements. The note was negotiable. Said reference was nothing more than a statement of the transaction which gave rise to the note within the meaning of Section 3 of Article 5932.

In Lozano v. Meyers (Tex.Com.App.), 18 S.W.2d 588, the reference in a note was to a mechanic's lien contract substantially as follows: that the note was given in part payment for architectural work for construction of certain improvements upon described lots that day contracted to be erected by the contractor for the payors. That court held said note was a negotiable instrument and that the purchaser thereof was a holder in due course. In Mc-Cutcheon v. Union Mercantile Company,

267 S.W.2d 916, 917 (Tex.Civ.App., writ ref.), the court said:

"The note recites that it is given in full payment for the construction of certain improvements upon the lots 'this day contracted to be erected' * * *."

* * * * * *

"There should be no serious contention that the original * * * was not a negotiable note. It has all the requirements of a negotiable instrument as prescribed by the Negotiable Instrument Law, Art. 5932, R.C.S. The fact that it refers to the Mechanic's lien contract by express provision of the statute is unimportant. It is nevertheless an unconditional promise to pay. Art. 5932, Sec. 3(2)."

In Magee v. I. & G. N. Wood and Coal Co., 269 S.W.2d 498 (Tex.Civ.App., ref. n. r. e.), it was held that a note which recited that its payment was secured by a builder's and mechanic's lien and deed of trust lien upon described property and that it was given in part payment for material and labor to be furnished by the payees, in accordance with a contract of even date, was a negotiable instrument.

■ Under said authorities, we hold that the Lumber Company was a holder in due course and that, under the provisions of Section 57 of Article 5935, it held the note free from defenses available to prior parties among themselves and that it had a right to enforce payment in the manner it was attempting to enforce it when the appellants sought to stop it by injunction. Section 60 of Article 5936 provides that the maker of a negotiable instrument by making it engages that he will pay it according to its tenor and, further, that he admits the capacity of the payee to endorse and transfer it. Applying the facts of this case to said decisions we are compelled to hold that the Carters, having executed a negotiable note and knowing that it could easily be transferred in due course, that any sort of prudence on their part would

have required that they demand delivery of the note by Love before paying the note to him. With due deference to the able and earnest contentions of appellants, we hold there was no issue of fact and that, as a matter of law, the record shows the Carters had no right to enjoin said sale and that the court properly rendered judgment for the Lumber Company. All of appellants' points have been considered and are overruled.

The judgment is affirmed.